IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:20-CV-00027-M

| | |
|---|---|
| WANONIA REEVES POTTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the court on Plaintiff's Motion for Approval of Attorney's Fees under the Social Security Act, 42 U.S.C. § 406(b). DE 38. Defendant takes no position on the motion. Resp. at 1, DE 41. For the reasons that follow, the motion is granted.

Two sources provide awards of attorney's fees to prevailing claimants seeking Social Security benefits. *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 134 (4th Cir. 2009). First, the Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." *Id.* (quoting 42 U.S.C.A. § 406(b)(1)(A)). Second, Social Security benefits claimants can receive a fee award under the EAJA, which provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action . . . .

*Id.* (quoting 28 U.S.C. § 2412(d)(1)(A)). While attorney's fees may be awarded under **both** the EAJA and § 406(b), a "Savings Provision" set forth in 28 U.S.C. § 2412 requires that the claimant's attorney must refund to the claimant the smaller fee. *See id.* at 135 (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)).

In *Gisbrecht*, the Supreme Court "clarified the legal framework to be used for awarding attorney's fees under § 406(b) for the successful in-court representation of a Social Security benefits claimant who has signed a contingent-fee agreement." *Mudd v. Barnhart*, 418 F.3d 424, 427 (4th Cir. 2005). Courts must "approach [§ 406(b)] fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness." *Id.* at 428 (quoting *Gisbrecht*, 535 U.S. at 808). "As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits, . . . § 406(b) simply instructs a court to review the agreement for reasonableness." *Id.* The Fourth Circuit has found appropriate the following factors for consideration of the agreement's reasonableness: the time spent and work performed by counsel; the overall complexity of the case; the lawyering skills necessary to handle the case effectively, the risks involved, and the significance of the result achieved in district court. *Id.* The Supreme Court noted that a reduction in the contingent fee may be appropriate when "(1) the fee is out of line with 'the character of the representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" *Id.* (quoting *Gisbrecht*, 535 U.S. at 808).

In this case, the SSA notified Plaintiff on or about February 22, 2022, that she was entitled to disability benefits beginning November 2018. DE 39-1. According to the Notice, Plaintiff's total past-due benefits are $44,932.10. Plaintiff requests a fee award in the amount of $5,233.03.

2

The court finds the requested award to be reasonable. Plaintiff has attached a copy of the contingent fee agreement she executed with her attorney, Daniel Lauffer, which provides for counsel's entitlement to 25% of the past due disability benefits awarded to Plaintiff. Such award is no greater than the statutory ceiling. *See Mudd*, 418 F.3d at 428 (citing *Gisbrecht*, 535 U.S. at 807). In the Notice of Award letter, the SSA informed Plaintiff that it had withheld 25%, or $11,233.03, from past due benefits to pay approved attorney's fees. DE 39-1 at 3. Mr. Lauffer advises that the Administrative Law Judge has approved an "administrative" fee of $6,000.00. Thus, the requested fee of $5,233.03 is in accord with the contingency-fee character of the representation. *See Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) ("Deference should be given . . . to the 'freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate . . . and of an attorney's willingness to take the case despite the risk of nonpayment.'") (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)).

With respect to the results achieved, Mr. Lauffer attests that he spent a total of 25.2 hours reviewing the case file and preparing the motion for judgment on the pleadings and supporting brief (*see* DE 39-3), which raised four issues with the ALJ's opinion (*see* DE 21, 22). The motion for judgment on the pleadings was well-supported, reflecting thorough research and application of prevailing law to Plaintiff's particular facts. The Commissioner filed his own comprehensive motion, demonstrating that the issues raised were hotly debated—thus increasing the Plaintiff's risk of denial/dismissal. However, Magistrate Judge Swank issued a nine-page memorandum recommending that Plaintiff's motion be granted (DE 25), and this court adopted the recommendation on March 17, 2021 (DE 26). Thus, through Mr. Lauffer's efforts, Plaintiff's case was remanded for further proceedings, ultimately resulting in an award of past due benefits dating back to November 2018. The court perceives no indication of undue delay causing the

3

accumulation of past-due benefits. Furthermore, counsel, who has represented litigants in nearly one hundred cases in this court, handled the case efficiently.

Accordingly, the court GRANTS the Plaintiff's motion [DE 38]. It is ORDERED that Plaintiff's counsel, Daniel Lauffer, is awarded fees under 42 U.S.C. § 406(b) in the amount of $5,233.03, and, if applicable, Mr. Lauffer is ordered to refund to Plaintiff $4,964.40, the amount Plaintiff was previously awarded under the EAJA. *See* Order, DE 35.

SO ORDERED this 10th day of November, 2022.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE